IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clark D. Thomas, # 187845, ) | |
| ) | C/A No. 2:19-3179-MBS-MGB |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| McKendley Newton Jr., Warden of ) | |
| Allendale Correctional Institution, and ) | **ORDER AND OPINION** |
| Alan M. Wilson, Attorney General of ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Clark D. Thomas is an inmate in custody of the South Carolina Department of Corrections subsequent to convictions for kidnaping and criminal domestic violence of a high and aggravated nature in July 2008. He currently is housed at Allendale Correctional Institution in Fairfax, South Carolina. On November 8, 2019, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that he received ineffective assistance of counsel and was denied his right to due process during his state court trial. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

The Magistrate Judge authorized service of process on Respondents McKendley Newton Jr., Warden of Allendale Correctional Institution, and Alan M. Wilson, Attorney General of South Carolina, by order filed November 20, 2019. The Magistrate Judge directed Respondents to file an answer or other response no later than fifty days from the date of service. Service was effected on November 21, 2019. Thus, Respondents' return was due no later than January 9, 2020. On January 8, 2020, Respondents filed a motion for extension of time until February 10, 2020. The Magistrate

Judge granted the motion on January 9, 2020.

Currently before the court is Petitioner's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) as well as a response in opposition to Respondents' motion for extension of time, which motion was filed on January 14, 2020. Petitioner contends Respondents are engaging in dilatory tactics and seeking to "arrogate enough time from this Court to devise a scheme to obstruct judicial notice of the universally shocking, fundamental miscarriage of justice that Petitioner has suffered and continues to suffer at the hands of Respondents." ECF No. 27, 6. Petitioner asserts that the court should deny Respondents' motion and grant Petitioner's motion for default judgment. Petitioner argues in the alternative that he should be released from custody or at least be released on a personal recognizance bond until all potential appeals in this case conclude. Respondents filed a response in opposition to Petitioner's motion on January 24, 2020.

On February 5, 2020, the Magistrate Judge issued a Report and Recommendation in which she noted that Rule 55(b) does not apply in habeas proceedings. The Magistrate Judge further stated that, even if Rule 55(b) theoretically were available to Petitioner, default judgment would not be warranted because Respondents sought and received an extension of time, and thus have not "failed to plead or otherwise defend," as contemplated by Rule 55(a). Accordingly, the Magistrate Judge recommended that Petitioner's motion for default judgment be denied. Petitioner filed objections to the Report and Recommendation on February 24, 2020.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

Petitioner asserts that the Magistrate Judge erred in failing to find in favor of his alternative request for release from prison. Petitioner asserts that "in light of the egregious nature and extensive number of irrefutable claims for relief in this case, the only logical course of action would be to exonerate Petitioner and release him from prison." ECF No. 41, 10. The court disagrees.

The district court in DeAngelis v. South Carolina, 330 F. Supp. 889, 894 (D.S.C. 1971), addressed the identical issue raised by Petitioner in his objections. The district court explained:

> At this state of this proceeding the court finds it proper to refuse bail. Petitioner is a convicted prisoner, whose conviction and judgment thereon has been reviewed and affirmed by the court of last resort in South Carolina. He possesses a record which, despite its lack of finality pending appellate determination, reveals, prima facie, a disregard for the sanctity of person or property. As of now he has not shown his innocence nor proved his right to habeas relief, for the hearing on the merits has not been held.

Likewise, in this case Petitioner has neither established his innocence nor proved his right to habeas relief. Petitioner's objection is without merit.

## CONCLUSION

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner's motion for default judgment and response in opposition to Respondents' motion for extension of time (ECF No. 27) is **denied**. The matter is recommitted to

3

the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 15, 2020