IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

Clark D. Thomas, #187845,                     )
                                              ) C/A No. 2:19-3179-MBS
                    Petitioner,               )
                                              )
        vs.                                   )
                                              )
McKendley Newton, Jr., Warden of              )          **ORDER AND OPINION**
Allendale Correctional Institution, and       )
Alan M. Wilson, Attorney General of           )
South Carolina,                               )
                                              )
                    Respondents.              )
_____)

        Petitioner Clark D. Thomas is an inmate in custody of the South Carolina Department of

Corrections.  He currently is housed at Allendale Correctional Institution in Fairfax, South Carolina.

On November 8, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254.  The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism

and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996.

## I.  FACTS AND PROCEDURAL BACKGROUND

        Petitioner was arrested after restraining his spouse (the "victim") in a motel room overnight,

during which time he repeatedly beat her, bound her with duct tape, shackled her to a chair, and tased

her multiple times.  At trial, Petitioner contended the conduct was consensual.  On July 10, 2008,

Petitioner was found guilty of criminal domestic violence of a high and aggravated nature and

kidnaping.  ECF No. 34-2, 300-02.  Petitioner was sentenced to incarceration for 10 years on the

charge of domestic violence of a high and aggravated nature and 20 years on the charge of kidnaping,

to be served concurrently.  Id. at 328-29.  On or about April 5, 2010, counsel from the South

Carolina Commission on Indigent Defense filed on Petitioner's behalf an <u>Anders</u>[1] brief raising the following issue on appeal:

> Was appellant denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when the State refused to call the case for trial until July 10, 2008, more than two years after arrest and 22 months after the filing of a speedy trial motion?

ECF No. 34-4, 4.

Petitioner filed a pro se brief on December 15, 2010. Petitioner raised the following issues:

### I.

Was David tried by a court that lacked subject matter jurisdiction in violation of his rights to due process and a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution?

### II.

In charging the jury, did the trial judge violate David's rights to due process—an impartial jury—and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution?

### III.

Did assistant solicitor Nathan Williams' prosecutorial misconduct and vindictive prosecution violate David's rights to be free from an unreasonable search and seizure—to due process—an impartial jury—to be free from cruel and unusual punishment—and a fair trial as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution?

> . . . .

### IV.

Did the trial judge fail in her responsibility to safeguard David's rights to due process—the assistance of counsel—equal protection of the laws—and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution?

### V.

Should the egregious state of affairs during David's trial—Nathan's misconduct—and Michael's deliberate failure to properly preserve the flagrant violation of all David's rights in a contemporaneous objection circumvent a

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967).

procedural bar that will prevent David from defending his rights to be free from an unreasonable search and seizure—due process—a speedy trial—a public trial by an impartial jury—to be informed of the charges—to confrontation of adverse witnesses—to present defense witnesses—to compulsory witness testimony—to counsel—to be free from cruel and unusual punishment—to equal protection of the laws—and a fair trial as guaranteed by the Fourth, Fifth, Sixth, and [F]ourteenth Amendments to the United States Constitution?

### VI.

Did the infinite deprivation of all David's rights and liberty interests during his trial meet the sine qua non of the Cumulative Error Doctrine to protect David's rights to due process—equal protection of the law—and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution?

### VII.

Was the jury's determination that David is guilty of kidnapping and CDVHAN controlled by an error of law—based upon facts unsupported by the evidence—clearly wrong—and in violation of David's rights to due process, equal protection of the law, and a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution?

ECF No. 34-5, 8-9.

On August 8, 2012, the South Carolina Court of Appeals, in a per curium opinion, dismissed Petitioner's appeal. ECF No. 34-8. The court of appeals issued its remittitur on August 24, 2012. ECF No. 34-10.

Petitioner filed an application for post-conviction relief (PCR) on December 21, 2012. ECF No. 34-2, 338-42. He filed an amended PCR application on August 29, 2014. ECF No. 34-2, 350-403. Petitioner alleged that he received ineffective assistance of counsel in various respects. Specifically, Petitioner asserted:

a.    Defense counsel was ineffective when he deliberately curtailed the duration of Applicant's trial by failing to subject the prosecution's charges of kidnapping and CDVHAN to meaningful adversarial testing in order that his conflict of interest in a timely departure to Costa Rica could be achieved. The result of defense counsel's ineffectiveness was to violate Applicant's right to be free from unreasonable searches and seizures, due process of law, a speedy

3

trial, to be fully heard in his defense by himself or by his counsel or by both, to have compulsory process for obtaining witnesses in his favor, and effective assistance of counsel as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

b.      Defense counsel was ineffective when he failed to effectively cross-examine the alleged victim by failing to highlight contradictions in the alleged victim's statements and testimony and failing to impeach victim with evidence of prior behavior and prior statements.   The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

c.      Defense counsel was ineffective when he failed to object to prosecution's failure to disclose Brady materials consisting of the chain of custody establishing the inadmissibility of State's Exhibits 1-2 and 41-45, and the evidence to impeach the alleged victim consisting of medical records and the prosecution's arrangement enabling the alleged victim to elude convictions for acts of aggression in exchange for her testimony.  Defense counsel was also ineffective when he failed to preserve these issues for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

d.      Defense counsel was ineffective when he improperly requested that the Court not charge the lesser included offense of criminal domestic violence for the jury to consider.  The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

e.      Defense counsel was ineffective when he made negative statements regarding the Applicant during trial which were excessive and extreme and could not be reasonably considered to be within his trial strategy.  In doing so, defense counsel also was also ineffective in his opening statement and closing argument.  The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

f.   Defense counsel was ineffective when he did not meet with or consider additional witnesses offered by Applicant who would have provided relevant information to assist the jury. Defense counsel was ineffective when he did not allow relevant witnesses to give testimony who attend trial seeking to testify on Applicant's behalf. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law, to have compulsory process for obtaining witnesses in his favor, and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

g.   Defense counsel was ineffective when he refused to present character evidence on behalf of the Applicant even though he was aware of multiple witnesses who attended trial seeking to testify on Applicant's behalf. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law, to have compulsory process for obtaining witnesses in his favor, and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

h.   Defense counsel was ineffective when he failed to properly object during the State's cross-examination when the prosecutor shifted the burden to Applicant to prove that he was not attempting to kidnap the alleged victim when he was arrested and that Applicant's consensual use of a stun gun during sex was not a malicious assault centered on inflicting bodily injury upon the alleged victim by badgering Applicant and repeatedly asking the same questions and refusing to allow the Applicant to complete his answers. And defense counsel was ineffective when he then failed to rehabilitate Applicant on re-direct. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

i.   Defense counsel was ineffective when he failed to seek during sentencing the stipulation that because Applicant was found not guilty of the criminal sexual conduct offense, his conviction of kidnapping did not require that he register as a sex offender. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

j.   Defense counsel was ineffective when he failed to meet with Applicant to prepare for trial or even inform him that a trial was about to take place. Defense counsel was also ineffective when he only apprised Applicant that they were going to trial after he was transported to the courthouse. And defense counsel was ineffective when he refused Applicant's request that he seek a continuous to prepare for trial. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

k.   Defense counsel was ineffective when he failed to sufficiently assert Applicant's right to a speedy trial and seek the dismissal of the charges against him or otherwise preserve the issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to a speedy trial, due process of law, and effective assistance of counsel guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

l.   Defense counsel was ineffective when he failed to object when the prosecutor repeatedly vouched for the alleged victim's credibility and asserted his personal opinion during closing arguments that Applicant's defense was insulting and made him want to take a shower, and that he would not treat a dog the way Applicant is alleged to have treated the alleged victim to arouse the passions and prejudices of the jurors. Defense counsel was also ineffective when he failed to preserve these issues for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

m.   Defense counsel was ineffective when he failed to properly object during closing arguments when the prosecutor shifted the burden of proof to Applicant by instructing the jury that they had sworn an oath to seek the truth. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

n.   Defense counsel was ineffective when he failed to present the credible evidence of Applicant having suffered criminal domestic violence at the hands of the alleged victim making him eligible for early parole pursuant to

6

S.C. Code of Law §16-25-90. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

o.      Defense counsel was ineffective when he failed to see that Applicant was allowed to properly groom at the county jail, and that he was appropriately attired prior to being seen by the jury. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

p.      Defense counsel was ineffective when he failed to challenge the sufficiency of the aggravating elements in the indictment for CDVHAN. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

q.      Defense counsel was ineffective when he failed to object to the prosecutor leading the alleged victim during direct-examination and knowingly using her perjured testimony. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

r.      Defense counsel was ineffective when he failed to object to the introduction of articles of clothing marked as State's Exhibits 1 & 2 and the prosecution's suppression of the chain of custody exposing the corruption of this evidence. Defense counsel was also ineffective when he failed to preserve these issues for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to be free from unreasonable searches and seizures, due process of law, and effective assistance of counsel as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

s.     Defense counsel was ineffective when he failed to object to the introduction of inadmissible documents marked as State's Exhibits 41-45 and the prosecution's suppression of the chain of custody exposing the corruption of this evidence-Defense was also ineffective when he failed to request a Franks hearing to challenge the probable cause to search Applicant's computer. And defense counsel was ineffective when he failed to preserve these issues for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to be free from unreasonable searches and seizures, due process of law, and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

t.     Defense counsel was ineffective when he failed to object to the alleged victim's testimony that she had to have her teeth fixed as a result of allegedly having been struck in the mouth by Applicant during the alleged incident and had been undergoing mental health counseling, therapy and a 12-Step Program when there were no records to corroborate these claims. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

u.     Defense counsel was ineffective when he failed to properly cross-examine the alleged victim's mother by highlighting that her testimony to having last seen the alleged victim two days prior to the alleged incident was inconsistent with her testimony to having received notification from police that the alleged victim was in the hospital the morning after she had left her house. Defense counsel was also ineffective by failing to seek to impeach her. And defense counsel was ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

v.     Defense counsel was ineffective when he failed to properly cross-examine the arresting officer by highlighting that his statement in the Incident Report that the alleged victim was crying and appeared frustrated was inconsistent with his testimony that she was kicking, screaming, was very frustrated, and had a busted lip when he first saw her. And defense counsel was ineffective by failing to seek to impeach him. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of

law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

w.     Defense counsel was ineffective when he failed to object when the prosecutor knowingly used perjured testimony from the investigating then-detective that Applicant was the alleged victim's estranged husband at the time of the alleged incident when investigating then-detective's affidavit stipulates that they were living together. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

x.     Defense counsel was ineffective when he failed to properly cross-examine the investigative then-detective by highlighting contradiction in his affidavit and testimony. And defense counsel was ineffective by failing to seek to impeach him. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution South Carolina law.

y.     Defense counsel was ineffective when he failed to object to testimony from the alleged victim's physician grounded on medical records suppressed by the prosecution. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

z.     Defense counsel was ineffective when he failed to properly cross-examine the digital forensic's supervisor by highlighting his testimony to having received Applicant's computer after police had seized it from the alleged crime scene when it had been delivered by the alleged victim's mother to police eight months after having stolen it from Applicant's residence after he was arrested. And defense counsel was ineffective by failing to seek to impeach him. Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to be free from unreasonable searches and seizures, due process of law, and effective assistance of counsel as guaranteed

9

by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

aa.  Defense counsel was ineffective when he failed to object when the prosecutor's cross-examination of Applicant was grounded on the inadmissible evidence of State's Exhibits 41-45.  Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

bb.  Defense counsel was ineffective when he failed to enter into evidence a photo of the alleged victim nude and voluntarily tied to the bed she shared with Applicant. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

cc.  Defense counsel was ineffective when he advised the jury during closing arguments to find Applicant guilty of kidnapping and CDVHAN. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

dd.  Defense counsel was ineffective when he failed to object and seek curative instructions when the trial court erroneously charged the jury with the elements of kidnapping.  Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and South Carolina law.

ee.  Defense counsel was ineffective when he failed to object and seek curative instructions on the confusion of circumstances of aggravation that developed when the trial court improperly charged the jury with the elements of assault and battery of a high and aggravated nature (ABHAN). Defense counsel was also ineffective when he failed to preserve this issue for appellate review. The result of defense counsel's ineffectiveness was to violate Applicant's right to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution

and South Carolina law.

Id. at 351-57.

Petitioner, represented by retained counsel, appeared for a hearing on his PCR application on December 8, 2014.  ECF No. 34-2, 404-503, ECF No. 34-3, 4-93. The PCR judge filed an order of dismissal on June 2, 2015 in which he denied Petitioner's application for relief.  ECF No. 34-3, 120-44.  Petitioner's PCR counsel filed a motion to alter or amend the order of dismissal on June 12, 2015.  ECF No. 34-3, 147-48.  Petitioner filed a pro se motion to alter or amend on June 15, 2015.  ECF No. 34-3, 151-70.  Petitioner also retained separate counsel, who filed a memorandum of law on Petitioner's behalf on or about July 12, 2015.  ECF No. 34-3, 171-90.

A hearing on Petitioner's motions was held on July 14, 2015, at which Petitioner's first PCR counsel was relieved and Petitioner was represented by his second PCR counsel.  ECF No. 34-3, 191-215.  The PCR judge denied Petitioner's motions on October 9, 2015.  ECF No. 34-3, 233.  On November 5, 2015, Petitioner, through retained counsel, filed an intent to appeal the PCR judge's order.  ECF No. 34-11.  On May 18, 2016, a petition for writ of certiorari was filed on Petitioner's behalf by an appellate defender from the South Carolina Commission on Indigent Defense.  ECF No. 34-12.  The petition presented the following issues:

1.     Did the PCR judge err in finding that Petitioner abandoned the allegation that trial counsel was ineffective for not asking the judge to instruct the jury with the lesser included offense of criminal domestic violence when there was evidence in the record from which the jury could find Petitioner guilty of the lesser included offense rather than the offense of criminal domestic violence of a high and aggravated nature?

2.     Did the PCR judge err in refusing to find trial counsel ineffective for making extremely disparaging comments about Petitioner in his opening statement and closing argument, describing Petitioner as immoral and sexually deviant?

11

3.       Did the PCR judge err in refusing to find trial counsel ineffective for not
reviewing medical records which contradicted Petitioner's wife's testimony
that Petitioner hit her in the face and chipped her teeth?

4.       Did the PCR judge err in failing to make findings of fact that the kidnapping
offense did not include a sexual element?

ECF No. 34-12.

The petition was denied by the South Carolina Court of Appeals on October 31, 2017.  ECF

No. 34-15.  The remittitur was issued on November 20, 2017.  ECF No. 34-16.

While his petition for writ of certiorari was pending, Petitioner attempted to file a successive

PCR application on December 7, 2015.  The successive PCR application was not forwarded by the

Charleston County Clerk's Office to the South Carolina Attorney General and, at some point, was

unfiled by the clerk's office.  The successive PCR application was re-filed on February 28, 2018,

along with a motion for a new trial.  Petitioner asserted the following grounds for relief in his

successive PCR application:

10(a).  Applicant's rights to due process of law and to confront the witnesses against
him as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United
States Constitution and South Carolina law were violated when the prosecution
suppressed the medical records of the alleged victim[.]

10(b).  Applicant's procedural due process right to a fair bite at the apple as
guaranteed by the Fourteenth Amendment to the United States Constitution and
South Carolina law was violated when PCR counsel waived and/or deliberately failed
to properly raise Applicant's meritorious ineffective-assistance-of-trial-counsel
claims, and PCR counsel deliberately failed to enter into the record the evidence
proving that trial counsel's conduct was ineffective to the extent that it "so
undermined the proper functioning of the adversarial process that the trial cannot be
relied upon as having produced a just result."  Strickland [v. Washington , 466 U.S.
668,] 686 [1984].

See generally ECF No 34-17, 2-36.

On June 26, 2018, the Chief Administrative Judge for Common Pleas, Ninth Judicial Circuit,

filed a conditional order of dismissal that summarily dismissed the successive PCR application for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. Specifically, the chief administrative judge found that the successive PCR application was untimely under S.C. Code Ann. § 17-27-45(A); that no sufficient reason was advanced by Petitioner as to why any new grounds could not have been raised in his initial PCR application, such that the successive PCR application was barred pursuant to S.C. Code Ann. § 17-27-90; and that the allegations in the successive PCR application either were or should have been raised in Petitioner's initial PCR application, and thus the successive PCR application was barred by principles of res judicata. ECF No. 34-21. The chief administrative judge stated that she intended to dismiss the successive PCR application with prejudice unless Petitioner provided specific reasons why the application should not be dismissed in its entirety. No further action has been taken on the conditional order of dismissal or on the motion for new trial. See https://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails. aspx?County=10&CourtAgency=10002&Casenum=2015CP1006597&CaseType=V&HKey=851 21994786735698507690431035010182831161134749751011177611153118671191191095674 53871077474551185465 (accessed March 11, 2021).

### III. DISCUSSION

Petitioner raises the following grounds for relief in his § 2554 petition:

**GROUND ONE**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel refusing a lesser included charge of criminal domestic violence (CDV).

**GROUND TWO**: Petitioner's 6th & 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel making negative comments about Petitioner throughout his opening and closing statements.

**GROUND THREE**: Petitioner's 6th & 14th Amendment rights to the effective

13

assistance of counsel and due process were violated in trial counsel failing to impeach the alleged victim with her medical records.

**GROUND FOUR**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to argue that the kidnapping should not have subjected Petitioner to the sex offender registry.

**GROUND FIVE**: Petitioner's 6th and 14th Amendment rights to the effective assistance of trial counsel and due process were violated in trial counsel making sure that he was able to leave for vacation by abbreviating Petitioner's trial.

**GROUND SIX**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to bring up contradictions in the alleged victim's testimony and previous statements.

**GROUND SEVEN**: Petitioner's 14th Amendment right to due process was violated in Respondents failing to disclose the alleged victim's medical records.

**GROUND EIGHT**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to call witnesses demonstrating that the alleged victim previously made statements that she liked being tased.

**GROUND NINE**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel in failing to present evidence that Petitioner was entitled to a sentence pursuant to S.C. Code Ann. § 16-25-90 for having suffered CDV at the hands of the alleged victim.

**GROUND TEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to communicate and prepare Petitioner for trial.

**GROUND ELEVEN**: Petitioner's 14th Amendment right to due process was violated in Respondents failing to provide police reports concerning the alleged victim.

**GROUND TWELVE**: Petitioner's 14th Amendment right to due process was violated by Respondents failing to disclose information concerning a plea offer with the alleged victim.

**GROUND THIRTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to impeach the alleged victim with evidence of her plea offer with Respondents.

**GROUND FOURTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to the kidnapping instruction that was given to the jury.

**GROUND FIFTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to States Exhibits 1-2 and 41-45.

**GROUND SIXTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to Respondents vouching for the credibility of the prosecuting witness during closing arguments.

**GROUND SEVENTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to seek the dismissal of the charges against Petitioner grounded on the violation of Petitioner's right to a speedy trial.

**GROUND EIGHTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to properly cross-examine the detective in this case with his contradicting affidavit.

**GROUND NINETEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to the circumstances of aggravation charged to the jury in the instruction of CDVHAN.

See generally  ECF No. 1, 13-91.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. On November 8, 2019, Petitioner filed a motion for summary judgment based on "one or more of the grounds set forth in the petition for writ of habeas corpus, Petitioner' brief, and the exhibits in support that have been filed in this action." ECF No. 4. On February 24, 2020, Respondents filed a return and memorandum, as well as a cross-motion for summary judgment. Respondents argue they are entitled to summary judgment because (1) the § 2254 petition is untimely; (2) most of Petitioner's claims are

procedurally defaulted; and (3) none of the claims has merit. On February 25, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on July 8, 2020.

On July 24, 2020, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge concluded that Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge determined that the one-year period to seek habeas review commenced on August 24, 2012, after the South Carolina Court of Appeals issued its remittitur with respect to Petitioner's direct appeal. The Magistrate Judge further determined that the one-year limitations period was tolled when Petitioner filed his first PCR application on December 21, 2012. According

to the Magistrate Judge, 120 days of untolled time had passed when the PCR application was filed.[2]

The Magistrate Judge noted that tolling terminated upon the South Carolina Court of Appeals filing its remittitur on November 22, 2017 subsequent to denying Petitioner's petition for writ of certiorari from the PCR judge's order of dismissal. Thus, Petitioner was required to file his § 2254 petition no later than 245 days later (365 - 120 = 245), which was July 25, 2018.[3] Petitioner's § 2254 petition was filed 471 days after the limitations period ended.

The Magistrate Judge acknowledged that the state court has not issued a final ruling with respect to Petitioner's successive PCR application. Relying on Pettinato v. Eagleton, 466 F. Supp. 2d 641, 649 (D.S.C. 2006), the Magistrate Judge undertook to ascertain whether the successive PCR application was timely under state law. Id. at 649 ("When a state court has not 'clearly ruled' on the timeliness of a state petition, it is the responsibility of the habeas court to consider whether the state postconviction petition was timely filed as a matter of state law before tolling the AEDPA limitations period.")(quoting Baker v. Horn, 838 F. Supp. 2d 720, 740 (E.D. Pa. 2005)). If the successive PCR application was timely filed, it could be determined to be "properly filed" under § 2244(d)(2).

---

[2]The court's calculations are slightly different based on the limitations period commencing on August 25, 2012, the day after the court of appeals issued its remittitur, and ending on August 24, 2013, the anniversary date of the start of the limitations period. See S.C. R. Civ. P. 6(a); Fed. R. Civ. P. 6(a)(1)(A). The different calculations have no substantive affect on the findings and conclusions of the Magistrate Judge or this court.

[3]Under the court's calculations, the limitations period would have been tolled for 118 days when Petitioner filed his PCR application. The limitations period would have recommenced on November 21, 2017, the day after the South Carolina Court of Appeals issued its remittitur. See McCoy v. State, 737 S.E.2d 623 (S.C. 2013). Subtracting 118 days from 365 days would require Petitioner to have filed his § 2254 petition within 247 days, or no later than Sunday, July 28, 2018. Under Fed. R. Civ. P. 6(a)(1)(C), the limitations period would expire on Monday, July 29, 2018.

The Magistrate Judge determined that Petitioner's successive PCR application was not timely under S.C. Code Ann. § 17-27-45(A), which provides:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

Petitioner's one year limitations period to file a PCR application expired on August 24, 2013, one year after the South Carolina Court of Appeals issued its remittitur. Petitioner's successive PCR application was not filed until February 28, 2018. The successive PCR application was not timely under state law, and therefore not "properly filed" for purposes of § 2244(d)(2).[4]

The Magistrate Judge next considered whether the circumstances were such that principles of equitable tolling should apply to excuse Petitioner's untimely filing of his § 2254 petition. The resort to equity "must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). As the Magistrate Judge noted, a "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)). The Magistrate Judge identified three periods of inaction that demonstrated Petitioner's lack of diligence: December 2015 to May 2017; May 2017 to February 2018; and August 2018 to November 2019. The Magistrate Judge also noted that, rather than refiling the successive PCR application, Petitioner filed a

---

[4]The successive PCR application would have been untimely even if it had been docketed on December 7, 2015, when Petitioner first sent it to the Charleston County Clerk of Court.

18

complaint pursuant to 42 U.S.C. § 1983 on July 21, 2017. Petitioner contended that the complaint revealed pervasive corruption hinged upon "the same quid pro quo methodology that has been exposed time and time again within the legislative branch and endures to the insult of the dignity and sovereignty of this great State and shames its citizens." Thomas v. Charleston Cnty., C/A No. 2:17-cv-01580-MBS, ECF No. 1, 9-10. The complaint was summarily dismissed on September 15, 2020. Id., ECF No. 44.

The Magistrate Judge also found that no extraordinary circumstances prevented Petitioner from timely filing his § 2254 petition by July 25, 2018. As the Magistrate Judge observed, Petitioner was on notice from the state court's June 26, 2018 conditional dismissal order that the successive PCR application likely would not toll the federal habeas deadline. According to the Magistrate Judge, Petitioner at least could have filed a protective § 2254 petition as allowed under Pace. 544 U.S. at 416 (suggesting prisoners avoid the § 2254 time bar by filing a protective petition in federal court and seeking a stay until the state court remedies have been exhausted).

The Magistrate Judge also determined that Petitioner failed to establish actual innocence in order to excuse the untimely filing. As the Magistrate Judge recognized,

> A valid actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup [v. Delo, 513 U.S. 298, 324 (1995)]. A petitioner must also "demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice. If a petitioner passes through the Schlup gateway by satisfying this standard, the district court then considers, and reaches the merits of, all of the petitioner's procedurally defaulted claims." Teleguz [v. Pearson, 689 F.3d 322, 329 (4th Cir. 2012)] (internal citations omitted). In evaluating the petitioner's claim, "the district court is not bound by the rules of admissibility that would govern at trial" and must consider "all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have

been wrongly excluded or to have become available only after the trial." Schlup, 513 U.S. at 327-28 [](internal quotation marks omitted).

Hayes v. Carver, 922 F.3d 212, 216 (4th Cir. 2019).

The Magistrate Judge found that Petitioner primarily relied on the victim's emergency room records to support an actual innocence claim. According to Petitioner, the records establish that the victim lied at trial about the scope and severity of her injuries. The Magistrate Judge determined that the evidence is not new and was available at the time of trial through the emergency room physician. The Magistrate Judge stated that any inconsistencies between the victim's testimony and that of the emergency room physician apparently was found to be insignificant to the jury. The Magistrate Judge also found that an affidavit presented by Petitioner from Dr. Marie Assa'ad Faltas regarding the hospital records is dated June 19, 2015 so is not new. The Magistrate Judge also found the affidavit to not be reliable.

The Magistrate Judge thoroughly studied the record and concluded that Petitioner failed to satisfy the high standard for the actual-innocence exception. Accordingly, the Magistrate Judge recommended that the court deny Petitioner's motion for summary judgment and grant Respondent's motion for summary judgment. Petitioner filed objections to the Report and Recommendation on January 4, 2021.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with

instructions.  Id.  This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  Id.

Petitioner agrees that 245 days remained in the one- year limitations period when he filed his first PCR application on December 21, 2012.  Petitioner contends, however, that his successive PCR application was "properly filed" within the meaning of § 2244(d)(2).

A.     Timeliness of Successive PCR Application

Petitioner asserts that the Magistrate Judge erred in determining that his successive PCR application was untimely.  Petitioner argues that the first claim set forth in the successive PCR application was filed pursuant to S.C. Code Ann. § 17-27-45(C) on the grounds of after-discovered evidence of the victim's medical records.  Section 17-27-45(C) provides:

> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

To obtain a new trial based on after-discovered evidence, the party must show that the evidence:  (1) would probably change the result if a new trial is had; (2) has been discovered since the trial; (3) could not have been discovered before trial; (4) is material to the issue of guilt or innocence; and (5) is not merely cumulative or impeaching.  State v. South, 427 S.E.2d 666, 668 (S.C. 1993) (citing cases).  However, Petitioner does not meet any prong of the test referred to in South.  As the Magistrate Judge observed, the victim's medical records could have been subpoenaed prior to trial.  Petitioner's counsel cross-examined the emergency room physician regarding the

21

medical records, which did not change the outcome of trial.[5]  ECF No. 34-1, 458-59.  The records are not relevant to guilty or innocence, because Petitioner has never claimed the events did not occur, only that they were consensual.  Moreover, Petitioner contends that trial counsel should have subpoenaed the medical records prior to trial in order to use them to impeach the victim's testimony. The court finds that Petitioner's first ground for relief would not overcome the timeliness bar established in S.C. Code Ann. § 17-27-45(A).

Petitioner further states that his second claim in the successive PCR application is based on PCR counsel conspiring with Respondents to undermine the first PCR application, and thus could not have been raised in his first PCR application.[6]  South Carolina courts have allowed successive PCR applications in limited situations where the applicant asserts ineffective assistance of PCR counsel.  In Austin v. State, 409 S.E.2d 395 (S.C. 1991), for example, the applicant filed a successive PCR application alleging that PCR counsel had failed to seek appellate review.  The South Carolina Supreme Court reasoned that, because the applicant was entitled to an appeal under Anders v. California, 386 U.S. 738 (1967), he sufficiently stated a claim of ineffective assistance to overcome the procedural bar.  In Aice v. State, 409 S.E.2d 392 (S.C. 1991), however, the supreme court denied a successive PCR application asserting ineffective assistance of PCR counsel.  The supreme court distinguished Austin on the grounds that "Austin never received a full 'bite' at the apple, as he was prevented from seeking any review of the denial of his PCR application."  Aice, 409 S.E.2d at 395.

---

[5]Trial counsel testified at the first PCR hearing that he did not think the medical records were necessary because the emergency room physician was going to testify and trial counsel had the victim's statement.  ECF No. 34-3, 61.

[6]In South Carolina, the right to counsel at PCR hearings arises from S.C. R. Civ. P. 71.1, which provides indigent prisoners appointed counsel if the PCR application presents questions of law or fact that will require a hearing. Petitioner has no Sixth Amendment right to counsel.

The supreme court noted that Aice had filed an original PCR application and had been allowed to

seek review of the ruling against him.   The supreme court determined that Aice's successive

application alleging ineffective assistance of PCR counsel constituted a second procedural "bite" at

the apple.   Id.   According to the South Carolina Supreme court,

> [f]inality must be realized at some point in order to achieve a semblance of
> effectiveness in dispensing justice.   At some juncture judicial review must stop, with
> only the very rarest of exceptions, when the system has simply failed a defendant and
> where to continue the defendant's imprisonment without review would amount to a
> gross miscarriage of justice.   We can envision successive PCR applications filed for
> the purpose of delaying a just execution in a capital case, as well as other abuses of
> the reviewing system Aice urges that we establish.   For these reasons, we hold the
> contention that prior PCR counsel was ineffective is not per se a "sufficient reason"
> allowing for a successive PCR application under § 17-27-90.

Id. at 394.

The facts of this case align more closely with Aice than Austin.   By asserting ineffective

assistance of PCR counsel, Petitioner impermissibly attempts a second procedural "bite" at the apple.

The court concludes Petitioner's second ground for relief would not overcome the timeliness bar

established in section § 17-27-45(A).   Petitioner's objection is without merit.

B.      Equitable Tolling

1.      Petitioner asserts that the Magistrate Judge erred in finding that he did not act with

due diligence.   Petitioner recounts in detail the efforts he took to obtain documentation  concerning

his convictions and sentences commencing in August 2008 and terminating in May 2012 when he

received a chain of custody report from the North Charleston Police Department.   Petitioner then

attempted to obtain the victim's medical records through a series of subpoenas issued with respect

to his trial for divorce on December 20, 2012, the day before Petitioner filed his initial PCR

application on December 21, 2012.   Petitioner states that he repeatedly requested PCR counsel obtain

23

the victim's medical records until November 18, 2014, when he concluded PCR counsel could not be relied upon to provide him with anything. Petitioner states that PCR counsel failed to provide Petitioner with a copy of the victim's medical records during the evidentiary hearing on December 8, 2014. According to Petitioner, these facts show Respondents conspired with both the clerk of court and the court reporter who recorded the entry of the medical records into evidence in order to obstruct Petitioner's access to them.

Petitioner's factual recitation fails to explain why he did not file the within § 2254 petition until November 8, 2019. Petitioner has demonstrated a keen understanding of state and federal procedures. Petitioner surely knew or should have known that his one-year limitations period for seeking federal habeas expired on or about July 25, 2018, and he was on notice from the conditional order of dismissal that the successive PCR application likely would not toll the § 2254 limitations period beyond July 25, 2018. As the Magistrate Judge observed, Petitioner could have filed a protective § 2254 petition and requested a stay pending the conclusion of state court proceedings. He did not do so. Petitioner's objection is without merit.

2.    Petitioner objects to the Magistrate Judge's statement that Petitioner filed an action for damages pursuant to 42 U.S.C. § 1983 in July 2017, rather than refiling the successive PCR application once he learned that the successive PCR application had not been filed in December 2015. Petitioner argues that he filed the § 1983 action "with the hope that Respondents would be compelled to cease and desist in obstructing his entitlement to the reversal of his wrongful conviction and sentences." ECF No. 117. Petitioner also objects to the Magistrate Judge's statement that Petitioner could personally have issued a subpoena to obtain the victim's medical records. According to Petitioner, he attempted to do so in 2020 but was informed that the records would not

24

be released to him without the victim's consent.  The court has not considered either of the Magistrate Judge's statements in making a de novo review of whether equitable tolling is appropriate.  Petitioner's objection is without merit.

C.     Actual Innocence

Petitioner contends the Magistrate Judge erred in her analysis of actual innocence.  Petitioner argues that his conviction rests entirely upon the victim's perjured testimony.  Petitioner asserts that the Magistrate Judge has improperly endorsed the solicitor's "underhanded tactics of suppressing the medical records, guiding the ER doctor to the testimony he required to seek to wrongfully convict Petitioner, and misleading the jury into overlooking the alleged victim's lies."  ECF No. 117, 48-49. Petitioner states that he has compiled more than eighty-seven inconsistent and contradictory statements made by the victim in the incident report, her witness statement, her affidavit, and during her trial testimony.  According to Petitioner, these inconsistent statements constitute compelling evidence conclusively demonstrating that Petitioner is actually innocent.  Petitioner also contends that the Magistrate Judge erred in failing to give credibility to Dr. Assa'ad-Faltas's affidavit.

Claim of actual innocence require the petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.  Id. at 327.

 In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial.  Indeed, with respect to this aspect of the Carrier standard, we believe that Judge Friendly's

> description of the inquiry is appropriate: The habeas court must make its
> determination concerning the petitioner's innocence "in light of all the evidence,
> including that alleged to have been illegally admitted (but with due regard to any
> unreliability of it) and evidence tenably claimed to have been wrongly excluded or
> to have become available only after the trial."

Id. at 327-28.

A review of the trial transcript shows that trial counsel vigorously cross-examined the victim and raised questions regarding her credibility. Trial counsel queried the victim regarding her history of drug use with Petitioner and caused her to admit that she had lived with Petitioner for a period of time at the motel room where the events occurred. ECF No. 34-1, 223-225. Trial counsel accused the victim of remembering just what she wanted to remember. Id. at 227-28. The victim admitted that she and Petitioner had marital relations while she was under the influence of intoxicants such as heroin or methadone. Id. at 228-29.

Under cross-examination, the victim stated that Petitioner had tried to contact her many times, but she did not remember texting him and asking to get back together. Id. at 235. The victim admitted that her statement given to police a few hours after the incident did not include allegations of rape, and that it was ten days later that she raised the claim with a different detective. Id. at 240-41. Trial counsel pointed out other inconsistencies in the victim's several statements made in connection with the underlying events. Id. at 241-43.

Petitioner took the stand at trial. Petitioner testified that one night the victim claimed he had been torturing her he actually had been with friends while she was at her mother's house. Id. at 97-98. Petitioner disputed that the victim ever made any statement about a separation. Petitioner stated that he would bring several hundred dollars' worth of black tar heroin to her and she was content to do heroin all day. Id. at 100. Petitioner testified that the victim was into being tied to the bed and

that he had been taping her up with duct tape and tying her down since before they were married. Id. at 107.  Petitioner stated that the drugs he and the victim were involved in made him do some really kinky stuff, but he wanted to make the victim happy.  Id. at 108.

As to the night of the incident, Petitioner testified that he and the victim commenced shooting heroin and crack cocaine.  Id. at 115.  Then they took turns tying each other down and using the taser.  Id. at 116-17.  Petitioner testified that the next morning he had to go to a methadone clinic and the victim was riding with him.  According to Petitioner, he was distraught thinking about how it was crazy to continue with the relationship.  He told the victim that they needed to split up. Petitioner testified that the victim started flipping out and jumped from the vehicle.  Id. at 124-25. Petitioner chased after her and picked her up to bring her back to the vehicle.  According to Petitioner, the victim did not offer resistance to going with him.  Id. at 132-33.

In sum, Petitioner took the opportunity to dispute the victim's testimony to provide his version of the facts.  The court cannot conclude that additional impeaching evidence would have made it more likely than not no reasonable juror would have convicted him.  Petitioner's objection is without merit.

## IV.  CONCLUSION

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference.  Petitioner's motion for summary judgment (ECF No. 4) is **denied**.  Respondents' cross-motion for summary judgment (ECF No. 35) is **granted**. Petitioner's § 2254 petition is **denied and dismissed**, with prejudice.

## V.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a

27

constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.[7]

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

March 24, 2021

---

[7]Petitioner's motion for certificate of appealability filed January 4, 2021 (ECF No. 118), is **denied as moot**.

28