IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clark D. Thomas, #187845, | ) |
| | ) C/A No. 2:19-3179-MBS |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| McKendley Newton, Jr., Warden of | ) **ORDER AND OPINION** |
| Allendale Correctional Institution, and | ) |
| Alan M. Wilson, Attorney General of | ) |
| South Carolina, | ) |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner Clark D. Thomas is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Allendale Correctional Institution in Fairfax, South Carolina. Petitioner was arrested after restraining his spouse (the "victim") in a motel room overnight, during which time he repeatedly beat her, bound her with duct tape, shackled her to a chair, and tased her multiple times. He was convicted of criminal domestic violence of a high and aggravated nature and kidnaping, and sentenced to incarceration for 10 years on the charge of criminal domestic violence and 20 years on the charge of kidnaping, to be served concurrently. Petitioner pursued both his direct appeal and post-conviction relief remedies at the state court level. On November 8, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the following grounds for relief:

> **GROUND ONE**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel refusing a lesser included charge of criminal domestic violence (CDV).
>
> **GROUND TWO**: Petitioner's 6th & 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel making negative comments about Petitioner throughout his opening and closing statements.

**GROUND THREE**: Petitioner's 6th & 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to impeach the alleged victim with her medical records.

**GROUND FOUR**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to argue that the kidnapping should not have subjected Petitioner to the sex offender registry.

**GROUND FIVE**: Petitioner's 6th and 14th Amendment rights to the effective assistance of trial counsel and due process were violated in trial counsel making sure that he was able to leave for vacation by abbreviating Petitioner's trial.

**GROUND SIX**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to bring up contradictions in the alleged victim's testimony and previous statements.

**GROUND SEVEN**: Petitioner's 14th Amendment right to due process was violated in Respondents failing to disclose the alleged victim's medical records.

**GROUND EIGHT**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to call witnesses demonstrating that the alleged victim previously made statements that she liked being tased.

**GROUND NINE**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel in failing to present evidence that Petitioner was entitled to a sentence pursuant to S.C. Code Ann. § 16-25-90 for having suffered CDV at the hands of the alleged victim.

**GROUND TEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to communicate and prepare Petitioner for trial.

**GROUND ELEVEN**: Petitioner's 14th Amendment right to due process was violated in Respondents failing to provide police reports concerning the alleged victim.

**GROUND TWELVE**: Petitioner's 14th Amendment right to due process was violated by Respondents failing to disclose information concerning a plea offer with the alleged victim.

**GROUND THIRTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to

impeach the alleged victim with evidence of her plea offer with Respondents.

**GROUND FOURTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to the kidnapping instruction that was given to the jury.

**GROUND FIFTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to States Exhibits 1-2 and 41-45.

**GROUND SIXTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to Respondents vouching for the credibility of the prosecuting witness during closing arguments.

**GROUND SEVENTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to seek the dismissal of the charges against Petitioner grounded on the violation of Petitioner's right to a speedy trial.

**GROUND EIGHTEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to properly cross-examine the detective in this case with his contradicting affidavit.

**GROUND NINETEEN**: Petitioner's 6th and 14th Amendment rights to the effective assistance of counsel and due process were violated in trial counsel failing to object to the circumstances of aggravation charged to the jury in the instruction of CDVHAN.

See generally ECF No. 1, 13-91.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the § 2254 petition was referred to Magistrate Judge Mary Gordon Baker for a Report and Recommendation. The parties filed cross-motions for summary judgment. On July 24, 2020, the Magistrate Judge issued a Report and Recommendation in which she concluded that Petitioner's § 2254 petition was untimely under 28 U.S.C. § 2244(d). Taking into account times when the § 2244(d) limitations period was tolled, Petitioner was required to file his § 2254 petition no later than July 25, 2018.

Petitioner's § 2254 petition was filed 471 days after the limitations period ended. The Magistrate Judge also noted that Petitioner had filed a successive post-conviction relief (PCR) application that still was pending in state court. The Magistrate Judge determined that Petitioner's successive PCR application was not timely under S.C. Code Ann. § 17-27-45(A). Because the successive PCR application was not timely under state law, it was not "properly filed" for purposes of § 2244(d)(2) and did not act to toll the limitations period. The Magistrate Judge recommended that the court deny Petitioner's motion for summary judgment and grant Respondents' cross-motion for summary judgment on the grounds that Petitioner's § 2254 petition is time-barred.

Petitioner filed objections to the Report and Recommendation on January 4, 2021. Petitioner argued that the first claim set forth in the successive PCR application was filed pursuant to S.C. Code Ann. § 17-27-45(C) on the grounds of after-discovered evidence of the victim's medical records. Petitioner further argued that his second claim in the successive PCR application was based on PCR counsel's allegedly conspiring with Respondents to undermine the first PCR application, and thus the claim could not have been raised in his first PCR application. The court found that the victim's medical records could have been subpoenaed prior to trial, so that his claim was not cognizable as newly discovered evidence. The first claim for relief thus was not timely raised. The court concluded that Petitioner's second ground for relief also was barred as untimely. The court further found that the Petitioner could not satisfy his burdens of showing equitable tolling or actual innocence. On March 24, 2021, the court denied Petitioner's motion for summary judgment, granted Respondents' cross-motion for summary judgment, and denied and dismissed Petitioner's § 2254 petition, with prejudice. Judgment was entered March 24, 2021.

This matter now is before the court on Petitioner's motion to alter or amend a judgment to

include specific findings of fact and conclusions of law, which motion was filed on April 27, 2021. Respondents filed a response in opposition on May 11, 2021, to which Petitioner filed a reply on May 24, 2021.

## DISCUSSION

Petitioner brings this motion pursuant to Fed. R. Civ. P. 52(a)(1) and 59(e). Rule 52(a)(1) provides: "(a) Findings and Conclusions. (1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58." Under Rule 52(b), a motion must be filed no later than 28 days after the entry of judgment. Rule 59(e) provides: (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Pursuant to Fed. R. Civ. P. 6(b)(2), a court cannot extend the time to act under Rules 52(b) and 59(e).

Respondents assert that Petitioner's motion to alter or amend a judgment to include specific findings of fact and conclusions of law was not timely filed. The court agrees. Petitioner's motion was due no later than 28 days after March 24, 2021, or April 21, 2021. Petitioner's motion, cover letter, and certificate of service are dated April 23, 2021. Petitioner also submitted an affidavit that was notarized on April 24, 2021, and the envelope forwarding Petitioner's filing to the Clerk of Court is date stamped April 24, 2021.

In his reply, Petitioner contends that he should receive the benefit of the court's standard language that time should be extended by an additional three days if served by mail. According to

Petitioner, when given the benefit of three days if served by mail, his time expired on April 24, 2021. However, the full statement of the court's standard language regarding deadlines reads: "Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45." Rule 6 does not allow extensions of time for Rule 52(b) or 59(e) motions. The court concludes that Petitioner's motion was filed out of time.

Even if the court were to consider Petitioner's motion for reconsideration, he cannot prevail. Petitioner first contends that the court erred in declining to rule on the Magistrate Judge's finding that Petitioner could have subpoenaed the victim's medical records to use as evidence during trial. Petitioner raised the issue of the victim's medical records in support of his argument he is entitled to equitable tolling. In his objections to the Report and Recommendation, Petitioner contended that the solicitor introduced pictures and medical records at trial that he had acquired at least eighteen months prior to trial, but had suppressed. Petitioner asserted that the Magistrate Judge held him and trial counsel accountable for relying on the presumption that the assistant solicitor was a scrupulous government official, and taking the assistant solicitor at his word that all relevant materials had been provided to Petitioner and trial counsel prior to trial. Petitioner claimed that the Magistrate Judge "spurned facts favorable to Petitioner in favor of ruinous fallacies to justify her erroneous recommendation to dismiss the case" and that he had, instead, established that trial counsel and PCR counsel had acted adversely to Petitioner's interests such that the medical records could not, in the exercise of due diligence, been discovered prior to trial.

Next, Petitioner asserts that the court failed to make specific findings of fact or conclusions of law regarding the assistant solicitor who prosecuted Petitioner's case at the state level. According to Petitioner, the court overlooked the solicitor's purported suppression of a chain of custody report

6

that showed the victim's clothing was provided to the state eight months after Petitioner's arrest on February 20, 2007. Petitioner contends that the assistant solicitor deliberately misled the jury into believing the victim's testimony that the arresting officer discovered her clothing at the crime scene on June7, 2006. In his objections to the Report and Recommendation, Petitioner asserted that the Magistrate Judge's failure to address the purportedly suppressed chain of custody report demonstrated her interpretation of the background of this case to be factually flawed and biased.

Finally, Petitioner asserts that the court failed to make specific findings of fact or conclusions of law on Petitioner being required to register as a sex offender despite his acquittal on the false allegation of having sexually assaulted the victim. Petitioner argues that compelling him to register as a sex offender constitutes a double-jeopardy violation inasmuch as the jury found Petitioner not guilty of rape.[1]

In any event, Petitioner's factual recitations do not explain why he did not timely file his § 2254 petition. Petitioner's mere disagreement with the court's ruling does not support a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

## CONCLUSION

For the reasons stated, Petitioner's motion to alter or amend a judgment to include specific findings of fact and conclusions of law (ECF No. 123) is **denied**.

---

[1] Petitioner raised no objection regarding registering as a sex offender in his objections to the Report and Recommendation. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

July 14, 2021